UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE GRAHAM, on behalf of
himself and all others similarly situated,

Case No. 10-12227

      Plaintiffs,

Honorable John Corbett O'Meara

v.

FINANCIAL EDUCATION SERVICES, INC.,
*et.al*.,

      Defendants.
                                            /

**OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO FILE A RESPONSE,
DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS,
AND ADMINISTRATIVELY CLOSING THE ACTION**

This matter came before the court on Defendants' October 1, 2010 motion to dismiss, compel arbitration, and/or administratively close the case. Plaintiffs filed a response November 9, 2010; and Defendants file a reply November 5 [*sic*], 2010. A motion hearing was scheduled for February 24, 2011; however, Defendants' counsel failed to attend, and the court took the matter under advisement to rule on the briefs. On April 27, 2011, Defendants wrote to the court to apprise it of the ruling of the United States Supreme Court issued that day, AT&T Mobility, L.L.C. v. Concepcion, 131 S.Ct. 1740 (2011). Plaintiffs then filed a motion for leave to file a response to Defendants' letter. The court will grant Plaintiffs motion to file the response, which is indicated at Docket No. 25 and filed May 13, 2011.

**BACKGROUND FACTS**

Plaintiff Christopher Graham and the putative class are individuals who claim that Defendants illegally pre-charge their customers $500 for credit repair services in direct violation of Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679(b). Defendant FES and its affiliates filed this motion to dismiss based on the following arbitration clause in its customer applications:

> If a dispute arises out of this contract, and if it cannot be settled by the parties, the parties agree first to try to settle the dispute by mediation administered by any mutually agreed upon mediator pursuant to the Commercial Mediation Procedures of the American Arbitration Association ("AAA"). If they do not resolve the dispute within 60 days, then, upon notice by either party to the other, all disputes, claims, questions or differences shall be finally settled by binding unappealable arbitration administered by any mutually agreed upon arbitrator (or if none can be agreed upon, then by the AAA) pursuant to the Commercial Arbitration Rules of the AAA. In any such proceeding, which must take place in Oakland County, the State of Michigan, each party shall bear their own attorney fees and costs, however, the fees and costs of any neutral arbitrator shall be paid by FES. Additionally, Applicant agrees not to initiate or participate in any class action proceeding against FES, whether in a judicial or mediation or arbitration proceeding, and Applicant waives all rights to become a member of any certified class in any lawsuit or proceeding.

Defendants' Ex. 2.

Defendants assert that Plaintiffs did not seek mediation, did not provide a letter of arbitration after 60 days, and did not seek arbitration before filing this suit. Moreover, Plaintiffs, contrary to the agreement, initiated this class action lawsuit.

Plaintiffs argue that pursuant to a recent ruling from the United States Court of Appeals for the Ninth Circuit, this court should declare the parties' agreement void as contrary to public policy. If the court were to declare the agreement void, Defendants' motion would be moot.

## LAW AND ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2-4, embodies a strong federal policy favoring arbitration. The Act mandates that arbitration agreements be enforced unless they can be set aside for reasons that would permit the revocation of any contract.

However, the Ninth Circuit recently held that the CROA provides a non-waivable right to sue, thereby voiding an arbitration clause in a consumer's agreement with a credit repair organization. Greenwood v. Compucredit Corp., 615 F.3d 1204 (9th Cir. 2010).

The Greenwood court, with one dissenting vote, provided the following reasoning:

> The CROA . . . contains a non-waiver provision, phrased in unusual comprehensive and precise language: 'Any waiver by any consumer of any protection provided by or any right of the consumer under this subchapter (1) shall be treated as void; and (2) may not be enforced by any Federal or State Court or any other person.' 15 U.S.C. § 1679f(a).
>
> \* \* \*
>
> Thus, the plain language of the CROA provides consumers with the 'right to sue.' 15 U.S.C.§ 1679c. The 'right to sue' means what it says. The statute does not provide a right to 'some form of dispute resolution,' but instead specifies the 'right to sue.' The act of suing in a court of law is distinctly different from arbitration. . . . The right to sue protected by the CROA cannot be satisfied by replacing it with an opportunity to submit a dispute to arbitration.
>
> \* \* \*
>
> The extremely broad anti-waiver provision in the CROA protects the enumerated 'right to sue,' by treating as void '[a]ny waiver by any consumer of any protection provided by or any right of the consumer under this subchapter . . . .' 15 U.S.C. 1679f(a). The Act further provides that '[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under this subchapter shall be treated as a violation of this subchapter.' 15 U.S.C. § 1679f(b).
>
> \* \* \*

> As a matter of parlance, reference, and common sense, we cannot conclude that when Congress used the word 'sue,' it really meant 'arbitrate.' The district court correctly read the statue, and determined that the consumer's statutory right to sue could not be waived.

Greenwood, supra, at 1208-10.

The Greenwood court recognized that its opinion was "in conflict with that of two of [its] sister circuits," but was unpersuaded by the reasoning of the Third Circuit in Gay v. Credit-Inform, 511 F.3d 369 (3d Cir. 2007), and the Eleventh Circuit in Picard v. Credit Solutions, Inc., 564 F.3d 1249 (11th Cir. 2009). The Sixth Circuit, which this court is required to follow, has not ruled on whether the CROA provides a non-waivable right to sue. The United States Supreme Court, however, granted *certiorari* to hear the Ninth Circuit's Greenwood decision May 2, 2011. Therefore, this court will administratively close this action until the Court rules in Greenwood. That ruling will provide a definitive decision upon which this court can decide this case.

## ORDER

It is hereby **ORDERED** that Plaintiffs' motion for leave to file a response is **GRANTED.**

It is further **ORDERED** that Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE.**

It is further **ORDERED** that this matter is **ADMINISTRATIVELY CLOSED** pending a ruling by the United States Supreme Court in Greenwood, after which time the parties may move to re-open this case.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: September 29, 2011

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 29, 2011, using the ECF system.

                                            s/William Barkholz
                                            Case Manager